UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| TOXICS ACTION CENTER, INC. *et al*,<br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CASELLA WASTE SYSTEMS, INC.,<br>SOUTHBRIDGE RECYCLING & DISPOSAL<br>PARK, INC. and THE TOWN OF<br>SOUTHBRIDGE<br>　　　　　　　Defendants | CIVIL ACTION<br>No. 4:17-cv-40089 |

**ORDER ON PLAINTIFFS' MOTION FOR CERTIFICATION OF IMMEDIATE APPEAL UNDER FED. R. CIV. P. 54(b) OR, IN THE ALTERNATIVE, FOR CERTIFICATION OF INTERLOCUTORY APPEAL UNDER 28 U.S.C. §1292(b)**
March 14, 2019

**HILLMAN, DJ.**

This action is brought by two non-profit environmental organizations, Toxics Action Center, Inc. ("Toxics Action") and Environment America, Inc. d/b/a Environment Massachusetts ("Environment Massachusetts") (collectively, the "Group Plaintiffs") and ninety-nine individuals who reside or recently resided near the Landfill in Charlton (the "Individual Plaintiffs"). Plaintiffs brought the action under the citizen suit provisions of two federal environmental statutes, the Resource Conservation and Recovery Act, 42 U.S.C. § 6901 *et seq.* ("RCRA"), and the Federal Water Pollution Control Act, 33 U.S.C. § 1251 *et seq.* ("Clean Water Act," or "CWA").

Defendants Casella Waste Systems, Inc. and Southbridge Recycling and Disposal Park, Inc. ("SRDP Defendants") and the Town of Southbridge ("the Town") (collectively, "the

Defendants") moved to dismiss claims alleged against them under the CWA (by Group Plaintiffs only) and the RCRA (by Group Plaintiffs and Individual Plaintiffs) contending that this Court lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1) to adjudicate the CWA (Count 1) and RCRA (Count 2) claims. Defendants also argued that the allegations fail to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). The remaining claims, Counts III through VI, involve state and common law claims of property damage, nuisance, trespass and unjust enrichment.

On September 30, 2018, I *granted* those motions. *See Mem. Of Dec. and Order On Defs' Casella Waste Systems and Southbrige Recycling and The Town of Southbridge's Mot. To Dismiss* (Docket No. 73) ("Memorandum of Decision and Order"). On October 3, 2018, I amended my Memorandum of Decision and Order to retain jurisdiction over Plaintiffs' state law claims (Docket 74). Plaintiff then moved for Entry of Judgment under Fed. R. Civ. P. 54(b), or in the alternative, for Certification of Interlocutory Appeal under 28 U.S.C. § 1292(b) and for a stay of proceedings (Docket 80).

Fed.R.Civ.P. 54(b) permits the entry of judgment, and thus an appeal, on fewer than all the claims in a multi-claim action. Yet Rule 54(b) notwithstanding, there is a long-settled and prudential policy against the scattershot disposition of litigation. *Spiegel v. Trustees of Tufts College*, 843 F.2d 38 (1st Cir. 1988), citing *Pahlavi v. Palandjian*, 744 F.2d 902, 903 (1st. Cir. 1984). In evaluating whether to enter a separate and final judgment, a court must first determine that "the ruling underlying the proposed judgment is final." *Nystedt v. Nigro*, 700 F.3d 25, 29 (1st Cir. 2012). Next, "Rule 54(b) requires the trial court to make an express determination that there is 'no just reason for delay,' based on the circumstances of the case. *Id*. at 30. In making such a determination, courts examine "any interrelationship or overlap among the various legal and

factual issues involved" and "any equities and efficiencies implicated by the requested piecemeal review." *State Street Bank & Trust Co. v. Brockrim, Inc.*, 87 F.3d 1487, 1489 (1st Cir. 1996). The First Circuit has stated that Rule 54(b) certification should be used sparingly. *Nystedt*, 700 F.3d at 29. Assuming without deciding that the claims have the requisite finality to allow an appeal, the analysis turns to the parties and the relationship between the claims. Notwithstanding a separate appeal, the action remains pending in this Court for all parties. "It will be a rare case where Rule 54(b) can appropriately be applied when the contestants on appeal remain, simultaneously, contestants below." *Spiegel*, 843 F.2d at 44. Furthermore, the factual underpinnings of the claims are intertwined; Count II incorporates many of the factual averments of the previous count, as do each of the successive four counts. Most of the counts also have overlapping prayers for relief. Because the claims are closely related to a sufficient degree and both parties would remain involved at both levels of litigation, I find there is "just reason for delay" in entering judgment on Counts I and II.

Plaintiff has also requested an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Under § 1292(b), otherwise unappealable district court orders may be certified for interlocutory appeal, subject to the court's discretion, if (1) the order sought to be appealed "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" regarding that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The First Circuit has a long-held a general rule prohibiting interlocutory appeals, particularly in motions to dismiss. *See Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 8 (1st Cir. 2005). "We wish to point out that we would not normally allow an appeal from a denial of a motion to dismiss, and, with the benefit of hindsight, we admit our error in doing so in this case. We continue to adhere to the view that interlocutory

certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances […]. *McGillicuddy v. Clements*, 746 F.2d 76, 77 (1st Cir. 1984). Because this case does not present exceptional circumstances, such an appeal will not be granted.

For the foregoing reasons, the motion for entry of partial judgment is **DENIED** or for certification of an interlocutory appeal is **DENIED**.

**SO ORDERED.**

*/s/ Timothy S. Hillman*
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE