UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOXICS ACTION CENTER, INC., and ENVIRONMENT AMERICA, INC. d/b/a ENVIRONMENT MASSACHUSETTS, MARTHA BERGSTROM and KENNETH BERGSTROM, et al..<br><br>Plaintiffs<br><br>v.<br><br>CASELLA WASTE SYSTEMS, INC., SOUTHBRIDGE RECYCLING & DISPOSAL PARK, INC., and THE TOWN OF SOUTHBRIDGE,<br><br>Defendants. | Civil Action No.: 4:17-cv-40089 |

**ASSENTED-TO MOTION TO VACATE OPINION DISMISSING FEDERAL CLAIMS**

As part of the settlement of all claims in this matter, (a) all Plaintiffs respectfully move, pursuant to Fed. R. Civ. P. 60(b)(5) & (6), for an order vacating the Court's opinion of September 30, 2018 (ECF #73), as reported at 347 F.Supp.3d 67 (D. Mass. 2018), and (b) all Defendants assent to this motion. The parties respectfully request that the Court rule on this motion prior to the status conference presently scheduled for December 1, 2020. In support of this assented-to motion, Plaintiffs state as follows:

1. This Court's September 30, 2018, opinion dismissed all Plaintiffs' federal claims under the Resource Conservation and Recovery Act and the Clean Water Act, and thus dismissed the Group Plaintiffs (Toxics Action Center and Environment Massachusetts) from the case.

2. Had this case proceeded to judgment on the state law claims of the Individual Plaintiffs, Group Plaintiffs would have then appealed this Court's decision on the federal claims to the First Circuit Court of Appeals, would have sought reversal, and, if successful, would have litigated those claims.

3. Defendants were unwilling to enter into a settlement with the Individual Plaintiffs unless that settlement also resolved the federal claims. Thus, to enable a settlement that resolves the entire case, Group Plaintiffs agreed to waive their right to appeal the dismissal of the federal claims on the condition that all parties join in or assent to the filing of a motion requesting that this Court vacate its September 30, 2018, opinion.[1]

4. There is ample precedent for granting this motion under Fed. R. Civ. P. 60(b)(6), which authorizes district courts to vacate an opinion "for any…reason that justifies relief." *See, e.g., Shelton v. Merchant Flow Fin. Corp.*, 2019 WL 2897719, at *1 (D.N.J. April 4, 2019) (confidential settlement agreement and cooperative request for vacatur "justifies" such relief within the meaning of Fed. R. Civ. P. 60(b)(6)); *Anadarko E&P Onshore LLC v. Mary Marshall Smith Trust*, 2017 WL 6760756 (S.D. Tex. Nov. 6, 2017 ); *Riener v. Nashimori*, 2017 WL 7829650 (M.D. Tenn. Oct. 12, 2017); *Hospira, Inc. v. Sandoz, Inc.*, 2014 WL 794589, *5 (D.N.J. Feb. 27, 2014) ("Settlements are—of course—highly favored."); *Ballinger v. Eaton Corp.*, 2003 WL 22339247 (S.D. Iowa May 6, 2003); *Kim v. U.S.*, 903 F. Supp. 1546 (S.D.N.Y. 1995).

5. A balancing of the equities also justifies vacatur under Fed. R. Civ. P. 60(b)(5), which authorizes vacatur where "applying [the opinion in question] prospectively is no longer equitable." First, Group Plaintiffs have agreed to sacrifice their right to appeal the dismissal of the federal claims, thereby relinquishing any right to maintain those claims in this case, in order

[1] The other terms of the settlement are, by agreement, confidential.

to enable a settlement that resolves the entire case. In so doing, Group Plaintiffs have provided a substantial benefit to Individual Plaintiffs and Defendants, and also have freed up valuable judicial resources by avoiding a potentially lengthy trial of the Individual Plaintiffs' state law claims and further appellate and potential trial court litigation of the federal claims. Second, Group Plaintiffs did not initiate the settlement discussions; they were brought into a settlement mediation after the mediator was informed that the other parties could not settle unless the right to appeal the federal claims were waived. *See Motta v. Dist. Dir. of INS*, 60 F.3d 117, 118-19 (1st Cir. 1995) (holding that it "would be inequitable" to prioritize keeping the decision on the books "over the parties' best interests," First Circuit granted vacatur of district court opinion where party seeking vacatur did not initiate settlement discussions, vacatur was instrumental in securing settlement, and party seeking vacatur was "*primarily* concerned with the precedential effect of the decision" being vacated). As in *Motta*, Group Plaintiffs here are primarily concerned with the precedential effect of a district court decision on issues of federal law they routinely litigate, but have agreed to give up the opportunity to refine those issues in the appellate court, thus allowing the other parties to achieve a beneficial settlement. *See also In re Ehmann*, 337 B.R. 228, 230 (US Bankruptcy Ct. D. Ariz. 2006) (granting vacatur because equities favoring monetary settlement to injured parties "weigh heavily" in comparison to interest in preserving vacated opinion).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant this assented-to motion by issuing an order vacating the Court's September 30, 2018, opinion (*see* Proposed Order attached as Exhibit 1), and all parties respectfully seek a ruling on this motion prior to the status conference presently scheduled for December 1, 2020.

Respectfully Submitted by the Group Plaintiffs,

By their Attorneys:

*/s/ Charles C. Caldart*
Joshua R. Kratka (BBO # 544792)
Charles C. Caldart (BBO # 547064)
National Environmental Law Center
294 Washington Street, Suite 500
Boston, MA 02108
(617) 747-4333
Email: josh.kratka@nelconline.org
Email: cccnelc@aol.com

David A. Nicholas (BBO # 553996)
20 Whitney Road
Newton, MA 02460
(617) 964-1548
Email: dnicholas@verizon.net

Respectfully Submitted by the Individual Plaintiffs,

By their Attorney:

*James P. Vander Salm*
James P. Vander Salm (BBO # 663320)
Law Office of James P. Vander Salm
6 Arrowhead Drive
Paxton, MA 01612
(413) 935-1890
jvandersalm@vandersalmlaw.com

Dated: October 29, 2020

**CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2020, I filed a copy of this document with the Court's ECF system, which will cause an electronic notice of such filing to be sent to all counsel who have appeared in this case.

/s/ *Charles C. Caldart*
Charles C. Caldart